CITY OF CINCINNATI, APPELLEE, *v.* YOUNG, APPELLANT.

[Cite as Cincinnati v. Young, 20 Ohio App. 2d 92.]

(No. 10809—Decided July 7, 1969.)

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. William B. Singer,* for appellee.
*Messrs. Marks, Goldsmith & Weiner,* for appellant.

HESS, J. This is an appeal by the defendant on questions of law from a judgment entered in the Hamilton County Municipal Court in which the defendant was found guilty and sentenced on a charge of "conversion of property by bailee" pursuant to Section 2907.39, Revised Code.

There is no transcript of the evidence presented to the trial court, but a corrected narrative bill of exceptions was timely filed.

The following narrative bill of exceptions is so brief it can be reported as the facts:

"The prosecuting witness, Janet Ballew, testified that on the 2nd of December, 1968, she paid $31.20 to the defendant for a mattress at defendant's place of business; that the defendant agreed to deliver the mattress to her residence 'in the next couple of days'; and that he had failed to deliver the same to her at any time.

"Witness Ballew further testified that she called the defendant the next day after making the purchase, informed him of the fact that she was working at night and that delivery could be made in the daytime.

"Janet Ballew further testified that she made repeated calls to defendant thereafter requesting delivery; that she had stopped at his place of business on several occasions about getting delivery, but was told by defendant he wasn't 'going to give her anything else until the account was paid.'

"Janet Ballew demanded her money back, she stated, but was told by the defendant that he was applying the $30.00 to her account.

"The witness, on cross-examination by defendant, said she signed a warrant on the 10th of December, 1968; that she did not know of any refund check dated the 13th of December, 1968; and that she had demanded the mattress or her deposit returned.

"Defendant testified that he had made one attempt, after 5:00 p. m., to deliver the mattress, but that only a small child was at the home and wouldn't let the delivery man enter.

"Defendant further testified that he was applying the deposit to the account of the witness, Janet Ballew.

"On cross-examination, defendant admitted receiving the money, and the passing of title to the mattress, but that after making the one attempt at delivery, had done nothing else. The defendant, further, on cross-examination, admitted his applying the money to the account of Mrs. Ballew; and that she had contacted him about making other deliveries.

"Upon this evidence, the defendant was convicted as charged, and was sentenced to pay a $50.00 fine and to serve ten days' sentence in the workhouse. A stay of execution was granted defendant.

"A motion for a new trial was heard on January 23, 1969. Numerous grounds were presented, and argument had. The court overruled the said motion, to all of which the defendant excepted." The defendant, appellant herein and

hereinafter referred to as defendant, presents the following assignments of error:

"1. Refusal of the court to allow certain testimony and evidence to be admitted into evidence, at the hearing on a motion for a new trial.

"2. The court's refusal to allow additional time to secure witnesses—officers of the court—who were not present until the motion for a new trial was heard.

"3. The judgment is against the weight of the evidence.

"4. The judgment is contrary to law.

"5. Bias and prejudice of the court toward this defendant.

"6. Abuse of discretion of the court in the conduct of the trial and the subsequent hearings."

The court will consider the assigned errors in the order of their listing.

With reference to assignment No. 1, there is no record in the narrative bill of exceptions of any exhibits having been received or offered in evidence. The defendant's brief devotes much space to the fact the court refused to admit certain exhibits, but the record does not support such conclusion.

In considering assignment of error No. 2, it was within the discretion of the prosecution to call or not call any witness to testify. The fact that the prosecution did not call the arresting officer did not prevent the defendant from calling him as a witness for the defendant. Since the defendant did not call the arresting officer to testify, he cannot be heard to complain about what that officer's testimony would or would not have been.

The assignment of errors No. 3 and No. 4 are so closely related they will be considered together. Section 2907.39, Revised Code, provides:

"No person, with intent to defraud, shall sell, secret, destroy, convert to his own use, or otherwise dispose of chattels, goods, merchandise, or personal property, the possession of which has been given to him in trust, pledge, bailment, or on deposit, or under an agreement to pur-

chase it on installment payments or otherwise, and no person so holding such property, shall with intent to defraud, remove it beyond the county wherein it was stipulated such property should be kept.

"Whoever violates this section shall be fined not more than five hundred dollars or imprisoned not more than three months, or both."

The elements to be proved beyond a reasonable doubt under conversion by a bailee are: (1) the selling, converting to his own use, destroying or otherwise disposing of; (2) the personal property of another; (3) coming into his possession by pledge, bailment, deposit, or purchase on installment payments or otherwise; (4) with intent to defraud; and (5) venue.

Although the narrative bill of exceptions is very brief, it is sufficient to conclude that a business relation had existed between Janet Ballew and the defendant for a period of time before the mattress was purchased; that she was indebted to the defendant at the time she purchased the mattress; that there was conversation between Janet Ballew and the defendant concerning the purchase of the mattress, when it should be delivered, the accounts in reference to other purchases; and that the defendant did not apply the money received from Janet Ballew to her disadvantage.

Certainly, the whole record fails to prove beyond a reasonable doubt there was any intention on behalf of the defendant to defraud Janet Ballew.

There is nothing in the narrative bill of exceptions to support assignments of error No. 5 and No. 6 in which it is claimed the trial judge was biased and prejudiced or abused his discretion in the trial of the defendant.

For the reasons presented, the judgment of conviction and sentence of the defendant is reversed, and the defendant is dismissed.

*Judgment reversed.*

SHANNON, P. J., and HILDEBRANT, J., concur.